**FILED**
November 24, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **AQUILES FREDY ALARCON YALLE,** | § | |
| **Petitioner,** | § | |
| **v.** | § | **NO. SA-26-CV-5756-OLG** |
| **MIGUEL VERGARA *et al.*,** | § | |
| **Respondents.** | § | |

**DISMISSAL ORDER**

Before the Court is the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 by Petitioner Aquiles Fredy Alarcon Yalle. (Dkt. No. 1.) Upon review, the Court finds that the Petition must be and hereby is **DISMISSED WITHOUT PREJUDICE** without service on Respondents.

In *Buenrostro-Mendez v. Bondi*, the Fifth Circuit held that applicants for admission are subject to mandatory detention under the INA during the pendency of their removal proceedings. 166 F.4th 494, 500 (5th Cir. 2026) ("[U]nadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States."). Eight months later, in *Sosnava-Rodriguez v. Vergara*, the full Fifth Circuit held that such mandatory detentions do not violate an applicant for admission's Fifth Amendment right to due process. 193 F.4th 837, 847 (5th Cir. 2026) (en banc) ("Because Petitioners have never been admitted to the United States, due process does not entitle them to additional proceedings beyond what Congress has provided before they may be detained pending removal."); *see also id.* at 849 ("[P]rocedural due process does not require bond hearings . . . in the context of § 1225(b)(2)(A)."); *id.* at *855 ("[A]ny right to seek release pending removal proceedings is not 'objectively, deeply rooted in this Nation's history and tradition' and [therefore] cannot be a substantive due process

right.”) (quoting *Washington v. Glucksberg*, 521 U.S. 702, at 720–21 (1997)); *id.* at 856–57 (holding that duration of an applicant for admission’s pre-removal detention raises no constitutional concerns).[1]

Accordingly, Petitioner’s due process claim for habeas relief (*see* Dkt. No. 1 at 12–13) has been foreclosed by the Fifth Circuit.[2]

It is so **ORDERED**.

The Clerk is directed to **CLOSE** this case upon the entry of this Order.

**SIGNED** on November 24, 2026.

ORLANDO L. GARCIA
United States District Judge

[1]The Court notes that, in *Sosnava-Rodriguez*, the Fifth Circuit pretermitted the possibility that it may later entertain a due process claim from applicants for admission who have been detained for exceedingly long periods and can demonstrate that their “removal proceedings were used as a façade ‘to incarcerate [them] for other reasons.’” 193 F.4th at 857–58 (quoting *Demore v. Kim*, 538 U.S. 510, 533 (2003) and favorably citing *Banyee v. Garland*, 115 F4th 928, 934 (8th Cir. 2024)). The court did not endorse this argument: it merely “d[id] not dismiss the idea.” *Id.* Accordingly, while it is not this Court’s place to take that step, Petitioner may wish to consider presenting such an argument to the Fifth Circuit on appeal from this Order.

[2]On October 28, 2026, Petitioner moved for leave to file an amended petition, in which he proposes to assert only a due-process-based claim for habeas relief. (Dkt. No. 3-1 at 13–15.) As such, Petitioner’s proposed amendment is futile and his Petitioner’s Motion for Leave to File Amended Petition for Writ of Habeas Corpus (Dkt. No. 3) is therefore **DENIED**.